UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAKIMAH JABBAR,**
   **Plaintiff,**

 v.

**JUDGE JAMES L. GRAHAM,**

   **Defendant.**

**Case No. 2:20-cv-6406**
**Judge Michael H. Watson**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Plaintiff Hakimah Jabbar, who is proceeding *pro se*, brings this action against United States District Court Judge Graham by filing a Complaint for Replevin, Immediate Deposition, and Subpoena *duces tecum*. (Doc. 1-1). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc.1) and an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C § 1915(a). Furthermore, having performed an initial screen, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED**.

### I. BACKGROUND

This is not Plaintiff's first case against Defendant. *See Jabbor v. Graham*, No. 1:20-CV-245, 2020 WL 1649802, at *1 (S.D. Ohio Apr. 3, 2020). The Court in Plaintiff's first case, which is nearly identical to this one, summarized the facts and procedural history:

> Pursuant to a Preliminary Order of Forfeiture entered in [United States v. Deandre Forrest, No. 2:17-CR-0158-1 (S.D. Ohio July 20, 2017)], plaintiff filed a third-party petition claiming an interest in the property subject to the Order. [(citations omitted)]. On January 16, 2018, Judge Graham granted the United States' Motion to Dismiss Jabbar's forfeiture petition for failure to comply with 21 U.S.C. §

>853(n). [(citations omitted)]. The Court issued a final order of forfeiture on July 30, 2018. [(citations omitted)].
>
>Thereafter, on January 17, 2020, Jabbar filed a second Petition for a Civil Stalking Protection Order in the Franklin County Court of Common Pleas. [(citations omitted)]. The Petition assert[ed] that Judge Graham "has used gov't (sic) agencies and officials to steal my title, rights, and judicial claim to the forfeiture property of Deandre Forrest 17-cr-158 . . . " [(citations omitted)]. Jabbar's Petition also includes allegations that Judge Graham "used agents for local churches to send mail to my house that was meant for the prosecutor." [(citations omitted)]. Jabbar's Petition for an immediate Civil Stalking Protection Order was [subsequently] denied.

*Id*. at *1. Plaintiff's second petition for a Civil Stalking Protection Order was dismissed by this Court on April 28, 2020. *See id*. Plaintiff now moves again to assert her interest in the forfeited property subject to the order in *United States v. Deandre Forrest*, No. 2:17-CR-0158-1 (S.D. Ohio July 20, 2017). (*See generally* Doc. 1).

While not entirely clear, Plaintiff seems to claim that Defendant, through the "prolongation of the Presentencing Investigation Report," is depriving her of her right to the forfeited property, which is worth $28, 223.00. (Doc. 1-1 at 28). Specifically, she claims:

>[Plaintiff] possesses a continuing, first priority interest in the forfeited property of DeAndre Forrest, and is lawfully entitled to the interest. [Plaintiff] is entitled to the immediate possession of the property. The United States of America wrongfully hold and detain the property [] against [Plaintiff's] interests. The value of the property is $82,700,000,000,000.00.

(*Id*. at 5). Plaintiff seeks a wide range of relief, including: (1) the issuance of an order granting her possession of property; (2) judgment against Defendant in the sum of $82.7 billion, for the value of the property; (3) an additional judgment against Defendant of $84 billion, for his alleged wrongful detention and use of the forfeited property; as well as (4) emergency depositions of Defendant and multiple other court personnel. (*Id*. at 7).

## II.    STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  In reviewing her Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).  Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    DISCUSSION

While there are a number of fatal flaws to Plaintiff's Complaint, the Undersigned addresses the two most obvious ones below.

### A. Frivolity

Plaintiff's Complaint must be dismissed for a basic reason—it is duplicative of her first case against Judge Graham.  "A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action." *Cummings v.*

3

*Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *2 (W.D. Mich. July 13, 2011) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Duplicative, however, does not mean identical. Although the two complaints may not "significantly differ" from one another—the focus is on "the substance of the complaint." *Id.* (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case)).

This case is duplicative of Plaintiff's first case against Judge Graham and must be dismissed as a result. Each case stems from her belief that she is entitled to government-forfeited property. And both complaints allege Judge Graham engaged in a conspiracy to deprive Plaintiff of her alleged right to the forfeited property and that he impeded Plaintiff's attempts to serve and depose him. (*See generally* Doc. 1-1); *see also Graham*, 2020 WL 1649802, at *1.

Accordingly, Plaintiff's Complaint, which simply copies her previously litigated claims, should be dismissed under 28 U.S.C. § 1915(e)(2) as "frivolous or malicious." *Smith v. City of Detroit*, No. 12-CV-14278, 2012 WL 7830033, at *3 (E.D. Mich. Oct. 31, 2012) (citing *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding "that repetitious litigation of virtually identical causes of action may be dismissed under the in forma pauperis statute as frivolous or malicious")).

### B. Judicial Immunity

While Plaintiff's Complaint may be dismissed for frivolity alone, it is worth also noting that Defendant Judge Graham is immune from liability. Judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of

damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id.* at 11–12.

The Court dismissed Plaintiff's previous suit against Judge Graham because it was "clear that the decisions made by Judge Graham in the federal forfeiture proceeding were functions normally performed by judges." *Graham*, 2020 WL 1649802, at *1. So too here. Like before, Plaintiff alleges that Defendant Judge Graham "wrongfully detained" the forfeited property and is therefore in "unlawful possession of [it]." (Doc. 1-1 at 4–5). She also claims that he "ordered a Final Order of Forfeiture . . . in an [un]timley [sic] manner." (*Id.*).

These allegations do not lead to an inference that Defendant Judge Graham was acting outside of his judicial capacity in the federal forfeiture proceeding. Indeed, as discussed in Plaintiff's first case, the opposite is true. *See Graham*, 2020 WL 1649802, at *1 (dismissing Plaintiff's complaint as "[i]t [was] clear that the decisions made by Judge Graham in the federal forfeiture proceeding were functions normally performed by judges") (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

The same is true regarding Plaintiff's allegation that Defendant Judge Graham "depriv[ed] Plaintiff of her rights by conspiracy." (Doc. 1-1 at 4–5). Again, Plaintiff alleges no facts from which the Court could infer that Defendant Judge Graham acted in the absence of all jurisdiction. *See Graham*, 2020 WL 1649802, at *1 (finding that Judge Graham was immune from this claim) (citing *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)). And Plaintiff's Complaint should be dismissed for this additional reason.

**IV. CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's claim be **DISMISSED**.  Should the Court adopt this Report and Recommendation, it is additionally **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendation would not be taken in good faith and, consequently, leave for Plaintiff to appeal *in forma pauper*is is **DENIED**.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  December 22, 2020                     <u>/s/ Kimberly A. Jolson</u>
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE